UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS M. RUPERT,

        Plaintiff,

v.                                                                                                  Case No. 1:13-cv-460
                                                                                                    Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

# OPINION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI).

        Plaintiff was born on February 10, 1966 (AR 312).[1] She alleged a disability onset date of January 1, 2000 (AR 312). Plaintiff completed one year of college and has been employed as an assistant/substitute teacher, a cashier in a fast food restaurant, a meat cutter and a loan processor (AR 37-40, 239, 330). Plaintiff identified her disabling conditions as neuropathy, fibromyalgia, and degenerative disc disease (AR 329). An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 18, 2011 (AR 13-23). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months.  *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since her SSI application date of August 18, 2009 (AR 15). At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar spine and obesity (AR 15). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19). Specifically, plaintiff did not meet the requirements of Listings 1.04 (disorders of the spine) or 12.04 (affective disorders) (AR 17). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> . . . to perform a limited range of sedentary work as defined in 20 CFR 416.967(a): she cannot lift and/or carry more than 20 pounds occasionally and 10 pounds frequently; sit, stand, walk, stoop, or drive for more than 30 minutes at a time after which she requires a change of pace or short work-break; or perform activities which require prolonged flexion of the neck or repetitive bending and twisting of the neck and low back.

(AR 17). The ALJ also determined that plaintiff was unable to perform her past relevant work (AR 21).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the regional economy (AR 22).[2] Specifically, plaintiff could perform the following: cashier (2,000 jobs); telephone solicitor (1,000 jobs); and surveillance system monitor

---

[2] Although the ALJ's decision did not identify the relevant regional economy, the vocational expert identified the region as the State of Michigan (AR 36-37, 78-80).

(1,000 jobs) (AR 22). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, at any time through August 18, 2011 (the date of the decision) (AR 22-23).

### III. ANALYSIS

Plaintiff has raised two issues on appeal:

**A.   The ALJ ignored the regulation requiring that the combined effect of multiple medical impairments, whether severe or non-severe, be considered in the adjudication process.**

Plaintiff contends that the ALJ failed to consider the combined effects of her impairments as required by 20 C.F.R. § 416.923. Specifically, plaintiff contends that the ALJ failed to consider her mental impairments. In his decision, the ALJ did not find plaintiff's depression to be a severe impairment. The ALJ noted that while plaintiff claimed to have attended therapy at Pine Rest Christian Mental Health Services since she moved to Michigan in 2008, plaintiff conceded that since March 2011 she attended only one such session (AR 15). The evidence of record indicates that the claimant attended counseling at Michigan Behavioral Consultants from mid-April through August 2009, which focused upon learning pain management skills (AR 16). The Social Security Administration scheduled a consultative examination in November 2009, which assessed her to have depression secondary to a medical condition (AR 16). Plaintiff initiated counseling at Pine Rest in January 2010 citing decreased energy, difficulty sleeping, anhedonia, and crying spells as her primary symptoms (AR 16). Plaintiff has received medication to treat her condition which has been adjusted over time (AR 16).

The ALJ summarized plaintiff's condition and treatment as follows:

5

> The overall record is not reflective of emotional symptoms experienced by the claimant to a debilitating degree, as would be suggested by a history of repeated hospitalizations for mental health treatment. Progress notes from her counselors / therapists show that the claimant has consistently presented for counseling sessions as cooperative and in contact with reality; there are no annotations that she has exhibited evidence of psychomotor agitation, hostility, suspiciousness, or unusual behavior or mannerisms. Treatment records indicate that she generally offers clear, rational responses and displays relevant, logical, and organized thought processes with no evidence of a thought disorder.

(AR 16). The ALJ found that plaintiff's mental impairment resulted in mild restrictions, noted the absence of evidence to establish that plaintiff's depression significantly limited her ability to perform the mental demands of work activity, and determined that she did not meet the requirements of Listing 12.04 (AR 16-17).

In addition, the record reflects that the ALJ considered the combined effects of plaintiff's impairments. The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988); 20 C.F.R. § 416.923 ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). The Sixth Circuit has found that an ALJ's analysis of a claimant's combined impairments sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work, the ALJ's decision was made after careful consideration of the "entire record," and, all of the claimant's impairments were

discussed individually in the decision. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id.* The Sixth Circuit has also found that the ALJ properly considered the combined effects of the claimant's impairments where the ALJ's decision referred to the claimant's "severe impairments" and "combination of impairments." *See Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). Here, the ALJ referred to the issue as whether plaintiff was disabled under the Social Security Act "by reason of any medically determinable physical or mental impairment or combination of impairments" (AR 13). In addition, the ALJ referred to his consideration of plaintiff's medically determinable impairments or combination of impairments in evaluating her disability claim (AR 13-14, 20). The ALJ also stated that he made his determination "[a]fter careful consideration of the entire record" (AR 15). The ALJ's decision indicates that he considered the combined effects of plaintiff's impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2d at 592. Accordingly, plaintiff's claim of error will be denied.

> **B.     The ALJ violated the regulation requiring that great weight be assigned to the opinions of treating physicians and, if such weight is not to be assigned, that good reasons be given for not doing so.**

Plaintiff contends that the ALJ failed to give special consideration to her treating psychologist and clinicians. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person

who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 416.927(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, plaintiff does not identify any particular opinion from a treating psychologist that the ALJ failed to evaluate properly. Rather, plaintiff simply refers to the Global Assessment of Functioning scores assigned to her by personnel at Pine Rest. Plaintiff's Brief at pp. 10-11. Plaintiff has failed to develop any issue for review with respect to the psychologists beyond her bald assertions of error. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible

argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, plaintiff's claim of error must be considered waived.

Plaintiff also contend that the ALJ erred in evaluating Dr. Brintnall's "several disability statements" based on the years he served as plaintiff's treating physician. Plaintiff's Brief at pp. 10-11. The ALJ addressed Dr. Brintnall's statements as follows:

> The undersigned accords no significant weight to the statement issued in July 2010 from Dr. Brintnall, the claimant's primary-care physician, in which he opined that the claimant is '"totally disabled" and "deserves disability" (Exhibit 24f) as such is an issue reserved to the Commissioner; he also cited no objective evidence to support his conclusion. While such statements are considered in the evaluation of disability, they can never be entitled to controlling weight or even special significance (SSR 96-5p).

(AR 21). Although Dr. Brintnall was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work. *See* 20 C.F.R. § 416.927(d)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' ). Such statements, even by an eminent treating physician, nevertheless constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, and not the doctor. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).

## IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g), and a judgment consistent with this opinion shall be issued forthwith.


Dated:  September 22, 2014			/s/ Hugh W. Brenneman, Jr.
						HUGH W. BRENNEMAN, JR.
						United States Magistrate Judge